**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Direct Merchants Credit Card Bank, ) | No. CIV 06-413-TUC FRZ (GEE) |
| ) | |
| Plaintiff, ) | **REPORT AND RECOMMENDATION** |
| ) | |
| vs. ) | |
| ) | |
| Jim Scasserra, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |
| ) | |
| James Francis Scasserra, ) | |
| ) | |
| Counterclaim Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| United States, ) | |
| ) | |
| Counterclaim Defendant. ) | |
| _____ ) | |

Pending before the court is a motion to dismiss pursuant to FED.R.CIV.P. 12(b) filed on December 12, 2006, by the counterclaim defendant, United States of America. [doc. #17] The counterclaim plaintiff, James Francis Scasserra, did not file a response.

Also pending is a motion to dismiss for lack of subject matter jurisdiction filed by Scasserra on August 17, 2006. [doc. # 5]

Also pending is a motion to dismiss for failure to exhaust administrative remedies filed by Scasserra on August 18, 2006. [doc. # 6]

The plaintiff in the original case, Direct Merchants Credit Card Bank, claims the defendant, Jim Scasserra, owes a debt of $1138.89.  In his answer, Scasserra brings a counterclaim against the United States of America.  He claims the United States of America is obligated to pay his debt because of its "bankruptcy" citing House Joint Resolution # 192 of 1933 which took the country off the gold standard.  The government moves that this court dismiss the counterclaim pursuant to FED.R.CIV.P. 12(b) for lack of subject matter jurisdiction.  In the alternative, the government moves that this court dismiss the counterclaim for failure to effect proper service.

The case was referred to Magistrate Judge Edmonds for all pretrial matters pursuant to Local Civil Rule 72.2.  Rules of Practice of the U.S. District Court for the District of Arizona.

Neither party requested a hearing, and the court finds the motion suitable for decision without oral argument.  The motion to dismiss should be granted.  The counterclaim does not properly allege subject matter jurisdiction.

Factual and Procedural Background

On June 9, 2006,  Direct Merchants Credit Card Bank filed an action against Jim Scasserra in Pima County Justice Court claiming he owes a debt of $1138.89. Scasserra filed an answer and counterclaim on July 20, 2006. Scasserra claims the United States of America is obligated to pay his debt because of its "bankruptcy" citing House Joint Resolution # 192 of 1933 which took the country off the gold standard.  He supports his claim by attaching a copy of his birth certificate stamped "accept for value," assorted UCC filings with the Commonwealth of Pennsylvania, and a copyright notice reserving legal rights to his own name. [1]

---

[1] For a more detailed description of this fanciful theory see: http://www.treasurydirect.gov/instit/statreg/fraud/fraud_bogussightdraft.htm; *See also United States v. Lee*, 427 F.3d 881, 888-89 (11th Cir. 2005), *cert. denied*, 126 S.Ct. 1447 (2006).

1   On August 8, 2006, the government filed a notice of removal in this court pursuant to 28 U.S.C. § 1441(a).  It nevertheless maintains it has never been properly served by Scasserra. [doc. # 8]

On August 17, 2006, Scasserra filed a motion to dismiss for lack of subject matter jurisdiction. [doc. # 5]  Scasserra did not file proof of service on the government as required by FED.R.CIV.P. 5(d).

On August 18, 2006, Scasserra filed a motion to dismiss for failure to exhaust administrative remedies. [doc. # 6]  Scasserra did not file proof of service on the government as required by FED.R.CIV.P. 5(d).

On December 12, 2006, the government filed the instant motion to dismiss pursuant to FED.R.CIV.P. 12(b).  It argues the court lacks subject matter jurisdiction.  In the alternative, it argues Scasserra failed to effect proper service.  Scasserra did not file a response.

Motion to Dismiss for Lack of Subject Matter Jurisdiction

A motion to dismiss pursuant to FED.R.CIV.P. 12(b)(1) challenges this court's subject matter jurisdiction.  If this court has subject matter jurisdiction, it has the authority to adjudicate the action and render judgment.  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, __, 126 S.Ct. 1235, 1244 (2006).  If this court lacks subject matter jurisdiction, the action must be dismissed. *Id.*

Because federal courts are courts of limited jurisdiction, the party invoking the jurisdiction of the court has the burden of proof. *Thornhill Pub. Co., Inc. v. General Tel. & Electronics Corp.,* 594 F.2d 730, 733 (9th Cir. 1979).

If, as in this case, the motion challenges the basis for jurisdiction as alleged on the face of the complaint, the court takes the allegations stated in the complaint as true. *Whisnant v. United States*, 400 F.3d 1177, 1179 (9th Cir. 2005).

Discussion

- 3 -

1    Scasserra is suing the United States of America.  The United States, however, is a
2 sovereign and may be sued only if it waives its sovereign immunity.  *Gilbert v. DaGrossa*,
3 756 F.2d 1455, 1458 (9th Cir. 1985).  "Such waiver cannot be implied, but must be
4 unequivocally expressed." *Id.*; *See, e.g., Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir.
5 2000) (The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671, et seq., "provides a limited
6 waiver of the sovereign immunity of the United States for torts committed by federal
7 employees acting within the scope of their employment.").  If there is no waiver, there is no
8 subject matter jurisdiction, and the action must be dismissed.  *Gilbert*, 756 F.2d at 1458.
9    In the counterclaim, Scasserra alleges the United States of America is obligated to pay
10 his debt because of its "bankruptcy" citing House Joint Resolution # 192 of 1933 which took
11 the country off the gold standard.  This statute, however, does not contain an explicit waiver
12 of sovereign immunity, and the counterclaim cites to nothing else which could be construed
13 as a possible source of waiver.
14    The counterclaim fails to allege any waiver of sovereign immunity.  Accordingly,
15 there is no subject matter jurisdiction and the counterclaim should be dismissed.  The court
16 does not reach the government's alternate argument on proper service of process.
17
18    Recommendation
19    The Magistrate Judge recommends the District Court, after its independent review of
20 the record, enter an order GRANTING the motion to dismiss pursuant to FED.R.CIV.P.
21 12(b)(1) filed on December 12, 2006, by the counterclaim defendant, United States of
22 America.  [doc. #17]  The counterclaim should be dismissed.  The primary action may be
23 remanded to state court.  *See* 28 U.S.C. § 1367(c)(3).
24    The motion to dismiss for lack of subject matter jurisdiction filed by Scasserra on
25 August 17, 2006, should be DENIED as MOOT.  [doc. # 5]
26    The motion to dismiss for failure to exhaust administrative remedies filed by Scasserra
27 on August 18, 2006, should be DENIED as MOOT.  [doc. # 6]
28

- 4 -

1    Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within
2 10 days of being served with a copy of this report and recommendation.   If objections are
3 not timely filed, the party's right to de novo review may be waived. *See United States v.*
4 *Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc), *cert. denied*, 540 U.S. 900
5 (2003).

6    The Clerk is directed to send a copy of this report and recommendation to all parties.

7    DATED this 7th day of February, 2007.

*[signature]*

Glenda E. Edmonds
United States Magistrate Judge